UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GONZALO VILLALOBOS,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

2:14-cv-02029-RFB-GWF

**ORDER**

**Introduction**

In this habeas corpus action, brought by Nevada prisoner Gonzalo Villalobos, the respondents have filed a motion to dismiss Villalobos' first amended petition for writ of habeas corpus. The Court will grant respondents' motion to dismiss and dismiss this action on the grounds that all the claims in Villalobos' first amended petition are barred by the statute of limitations, and, in addition, his fourth claim is procedurally defaulted.

**Background**

On September 6, 2015, following a jury trial, Villalobos was convicted in Nevada's Eighth Judicial District Court, in Clark County, Nevada, of one count of second degree murder with use of a deadly weapon, four counts of attempted murder with use of a deadly weapon, and five counts of discharging a firearm out of a motor vehicle. *See* Judgment of Conviction, Exhibit 52 (ECF No. 10-2). Villalobos was sentenced as follows:

| | | |
|---|---|---|
| Count 1 | second degree murder with use of a deadly weapon | two consecutive sentences of 10 years to life, consecutive to all other sentences |
| Count 2 | attempted murder with use of a deadly weapon | two consecutive sentences of 2 to 5 years |
| Count 4 | attempted murder with use of a deadly weapon | two consecutive sentences of 2 to 5 years, consecutive to the sentence on Count 2 |
| Count 6 | attempted murder with use of a deadly weapon | two consecutive sentences of 2 to 5 years, concurrent with the sentence on Count 4 |
| Count 8 | attempted murder with use of a deadly weapon | two consecutive sentences of 2 to 5 years, concurrent with the sentences on Counts 4 and 6 |
| Count 10 | discharging firearm out of a motor vehicle | a sentence of 2 to 5 years, concurrent with the sentences on counts 4, 6 and 8 |
| Count 11 | discharging firearm out of a motor vehicle | a sentence of 2 to 5 years, concurrent with the sentences on counts 4, 6 and 8 |
| Count 12 | discharging firearm out of a motor vehicle | a sentence of 2 to 5 years, concurrent with the sentences on counts 4, 6 and 8 |
| Count 13 | discharging firearm out of a motor vehicle | a sentence of 2 to 5 years, concurrent with the sentences on counts 4, 6 and 8 |
| Count 14 | discharging firearm out of a motor vehicle | a sentence of 2 to 5 years, concurrent with the sentences on counts 4, 6 and 8 |

*See id*.

Villalobos appealed. *See* Notice of Appeal, Exhibit 53 (ECF No. 10-3). On May 29, 2009, the Nevada Supreme Court affirmed. Order of Affirmance, Exhibit 91 (ECF No. 11-15). The Nevada Supreme Court denied rehearing and entered judgment on July 31, 2009. Clerk's Certificate, Exhibit 92 (ECF No. 11-16); Order Denying Rehearing, Exhibit 95 (ECF No. 11-19). The remittitur was issued on August 28, 2009. Remittitur, Exhibit 96 (ECF No. 11-20).

Villalobos filed a petition for writ of habeas corpus in state court on March 1, 2013. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 97 (ECF No. 11-21); Memorandum in Support of Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 98 (ECF No. 11-22). In a written order filed on June 5, 2013, the state district court denied Villalobos' petition on the ground that it was barred by the statute of limitations. Findings of Fact, Conclusions of Law and Order, Exhibit 104 (ECF No. 12-2). Villalobos appealed. Notice of Appeal, Exhibit 105 (ECF No. 12-3). The Nevada Supreme Court affirmed the denial of the petition on statute of limitations grounds on September 16, 2014. Order of Affirmance, Exhibit 114 (ECF No. 12-12). The remittitur was issued on October 13, 2014. Remittitur, Exhibit 115 (ECF No. 12-13).

This Court received Villalobos' original *pro se* federal habeas corpus petition for filing on December 4, 2014. *See* Petition for Writ of Habeas Corpus (ECF No. 5). Villalobos alleges that he mailed the petition to the Court for filing on November 26, 2014. *Id*. at 1.

Respondents filed a motion to dismiss on August 12, 2015 (ECF No. 7). After the parties briefed that motion, the Court *sua sponte* appointed counsel for petitioner. *See* Order entered March 31, 2016 (ECF No. 16). The motion to dismiss Villalobos' original petition was denied, without prejudice, as moot. *See id*.

Counsel -- the Federal Public Defender for the District of Nevada (FPD) -- appeared for Villalobos on April 14, 2016 (ECF No. 17). With counsel, Villalobos filed a first amended petition on February 10, 2017 (ECF No. 24). The first amended petition asserts four claims for relief:

> Claim 1 - The trial court admitted evidence of extraneous bad acts in violation of Villalobos's right to a fair trial, right of confrontation, and due process as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.
>
> Claim 2 - Villalobos was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> Claim 3 - Law enforcement violated Villalobos's Fifth Amendment right to remain silent by conducting a custodial interrogation of Villalobos after he invoked his rights.

| | Claim 4 - | Villalobos was denied the effective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. |

First Amended Petition (ECF No. 24).

Respondents filed a motion to dismiss the first amended petition on March 10, 2017 (ECF No. 26). Villalobos filed an opposition to that motion on May 31, 2017 (ECF No. 31), and respondents replied on August 28, 2017 (ECF No. 37).

On August 31, 2017, Villalobos filed a motion (ECF No. 38) requesting leave of court to file a supplemental exhibit in support of his opposition to the motion to dismiss. Respondents filed a response to that motion (ECF No. 39) and Villalobos replied (ECF No. 40). The Court granted that motion on September 12, 2017, ordering that the Court will consider the supplemental exhibit (ECF No. 38-1), as well as the arguments of the parties in their briefing of this matter (ECF Nos. 38, 39, 40), with regard to the motion to dismiss.

The motion to dismiss is, therefore, fully briefed and before the Court for resolution.

**Discussion**

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions challenging state convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). Respondents contend, in their motion to dismiss, that Villalobos' entire first amended petition is barred by the statute of limitations.

Villalobos' direct appeal concluded on July 31, 2009, when the Nevada Supreme Court denied his petition for rehearing and entered judgment affirming his conviction. *See* Clerk's Certificate, Exhibit 92 (ECF No. 11-16); Order Denying Rehearing, Exhibit 95 (ECF No. 11-19). Adding the ninety days within which a petition for a writ of certiorari could have been filed (*see* Supreme Court Rule 13), the date on which Villalobos' conviction became final, for purposes of the AEDPA statute of limitations, was October 29, 2009. Running from that date, without any tolling, the one-year limitations period would have expired on October 29, 2010. *See* Opposition to Motion to Dismiss (ECF No. 31), p. 2 ("Villalobos agrees with Williams that he had one year to file a federal habeas petition, beginning October 29, 2009, the day his conviction became final.").

Villalobos did not file his state habeas petition until March 1, 2013. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 97 (ECF No. 11-21); Memorandum in Support of Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 98 (ECF No. 11-22). The Nevada Supreme Court ruled that Villalobos' state habeas action was barred by the state-law statute of limitations. *See* Order of Affirmance, Exhibit 114 (ECF No. 12-12). An untimely state post-conviction petition is not considered "properly filed," and does not afford the petitioner statutory tolling of the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Therefore, during the time that Villalobos litigated his state habeas petition, between March 1, 2013, and October 13, 2014, the AEDPA limitations period continued to run.

Villalobos mailed his federal habeas petition to this Court for filing on November 26, 2014. Therefore, more than five years passed, after his conviction was final, before Villalobos initiated this action. Then, Villalobos' first amended habeas petition was not filed until February 10, 2017, more than two years after his original petition was filed.

A habeas corpus petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).

In his opposition to the motion to dismiss, Villalobos argues that he is entitled to equitable tolling from the date his conviction became final (October 29, 2009) until December 18, 2012, because the attorney who represented him on his direct appeal to the Nevada Supreme Court did not inform him about the ruling on that appeal. *See* Opposition to Motion to Dismiss, pp. 4-8. Villalobos argues that his direct appeal attorney abandoned him, and that equitable tolling is therefore warranted under *Holland*, as well as *Maples v. Thomas*, 565 U.S. 266 (2012), and *Gibbs v. LeGrand*, 767 F.3d 879 (9th Cir. 2014). The Court determines that the question whether such equitable tolling is warranted turns on questions of fact. However, for purposes of this motion to dismiss, the Court need not resolve those factual issues. For purposes of the analysis of this motion -- and without expressing any opinion with respect to the resolution of any factual question upon which such tolling would depend -- the Court assumes that equitable tolling from October 29, 2009, to December 18, 2012, is warranted. Making this assumption, the limitations period for Villalobos' federal petition expired on December 18, 2013, absent any further tolling.

Villalobos goes on to argue that he is entitled to equitable tolling from December 18, 2012, until November 26, 2014, the date on which he mailed his original petition to this Court. *See* Opposition to Motion to Dismiss, pp. 8-12. Villalobos argues that equitable tolling is warranted during this period because he speaks and writes only Spanish, because he has little education, and because of the conditions of his confinement at Nevada's Southern Desert Correctional Center (SDCC), which, he claims, resulted in inadequate access to the prison law library, a lack of Spanish-language materials in the law library, and inadequate assistance by Spanish-speaking law clerks. *See id*. Villalobos does not set forth a colorable argument that he is entitled to equitable tolling during this period.

Villalobos' claims regarding his language barrier, lack of education, and access to legal materials and assistance at SDCC, are general and conclusory; he does not make any specific claim about how those factors prevented him from initiating this case earlier.

Moreover, Villalobos' argument that he could not initiate this action between December 18, 2012, and November 26, 2014, because of his minimal education, the language barrier, and the conditions at SDCC, is belied by the record. Villalobos was able to file a habeas petition, along with a memorandum in support of the petition, in state court, on March 1, 2013. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 97 (ECF No. 11-21); Memorandum in Support of Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 98 (ECF No. 11-22). On that date, Villalobos also filed a "Motion to Withdraw Counsel" in state court. *See* Motion to Withdraw Counsel, Exhibit 99 (ECF No. 11-23). On April 18, 2013, after the State responded to his state-court habeas petition, Villalobos filed a reply to that response. *See* Petitioner's Reply to State's Response, Exhibit 102 (ECF No. 12). Then, after the state district court denied his petition, Villalobos initiated and litigated an appeal to the Nevada Supreme Court. Villalobos filed a notice of appeal and designation of record on appeal on June 7, 2013. *See* Notice of Appeal, Exhibit 105 (ECF No. 12-3); Designation of Record on Appeal, Exhibit 106 (ECF No. 12-4). So, the record demonstrates plainly that, contrary to his argument for equitable tolling, Villalobos was not prevented by his minimal education, the language barrier, or conditions at SDCC, from pursuing a habeas action to completion in the state district court and supreme court in 2013.

Villalobos has not established any grounds for tolling of the AEDPA limitations period after December 18, 2012; the limitations period expired on December 18, 2013.

Furthermore, Villalobos makes no argument that he is entitled to equitable tolling, or tolling of any kind, between November 26, 2014, when he mailed his original petition to this Court, and February 10, 2017, when he filed his first amended petition. That was a period of more than two years, itself in excess of the one-year limitations period. The pendency of a federal habeas corpus action does not toll the AEDPA statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181 (2001).

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but that "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664. Comparing Villalobos' original and first amended petitions, Claims 1, 2 and 3 of his amended petition do not share a common core of operative fact with any claim in his original petition, and, therefore, do not relate back to the filing of his original petition. Even if the original petition was timely filed -- and the Court finds that it was not -- those three claims would still be time-barred as a result of the passage of time between the filing of the original petition and the first amended petition.

This action is, therefore, barred by the statute of limitations. Respondents' motion to dismiss will be granted, and this action dismissed on that ground.

Procedural Default

In addition, respondents contend that Claim 4 of Villalobos' first amended petition is procedurally defaulted, and Villalobos has proffered no argument in response.

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In Claim 4, Villalobos claims that he was denied effective assistance of his appellate counsel on his direct appeal, primarily because his counsel did not adequately communicate with him. *See* First Amended Petition, pp. 14-15. Villalobos raised this claim in his state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 97 (ECF No. 11-21); Memorandum in Support of Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 98 (ECF No. 11-22). The state district court denied that petition on the ground that it was barred by the state-law statute of limitations, and the Nevada Supreme Court affirmed, ruling that the petition was time-barred and that Villalobos did not show good cause to overcome the procedural bar. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 104 (ECF No. 12-2); Order of Affirmance, Exhibit 114 (ECF No. 12-12). Claim 4, then, is subject to dismissal on the ground of procedural default, and Villalobos does not make any argument that Claim 4 is not procedurally defaulted or that he can overcome the procedural default. *See* Opposition to Motion to Dismiss. Claim 4 is subject to dismissal on this additional ground.

<u>Respondents' Other Arguments</u>

As the Court rules that all of Villalobos' claims are barred by the statute of limitations, and that Claim 4 is procedurally defaulted, the Court need not reach, and declines to reach, the other arguments asserted by respondents (the question of the exhaustion in state court of Claims 1 and 2).

Certificate of Appealability

The standard for issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Applying this standard, the Court finds that a certificate of appealability is not warranted.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss First-Amended Petition (ECF No. 26) is **GRANTED**. This action is dismissed.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of December, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE